# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee,<br><br>Plaintiff,<br><br>v.<br><br>NANCY E. SITANGGANG; and DOES 1-100, inclusive,<br><br>Defendants. | 1:09cv01835 AWI DLB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO REMAND CASE AND DENYING REQUEST FOR ATTORNEYS' FEES AND COSTS<br>(Document 7) |

On November 19, 2009, Plaintiff Deutsche Bank National Trust Company ("Plaintiff") filed the instant motion to remand the action to state court. The matter was heard on January 8, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge. Amy Song appeared telephonically on behalf of Plaintiff. Defendant Nancy E. Sitanggang did not appear.

**PROCEDURAL BACKGROUND**

Plaintiff filed an unlawful detainer action in Fresno County Superior Court on September 22, 2009. The complaint named Nancy E. Sitanggang and Does 1 through 100 as Defendants and sought possession of certain real property located in Clovis, California.

Defendant Nancy Sitanggang ("Defendant") reportedly failed to answer the state court complaint, and Plaintiff filed a request for default and default judgment. On October 15, 2009, the clerk of the Fresno County Superior Court entered default and default judgment against

1

Defendant.  Exhibits 2 and 3 to Request for Judicial Notice.[1]

On October 20, 2009, Defendant, proceeding *pro se*, removed the action to this Court based on both federal question and diversity jurisdiction.  Defendant also filed an answer and counterclaim against Plaintiff.  Additionally, on November 5, 2009, Defendant filed a notice of appeal in the state court action.  Exhibit 6 to Request for Judicial Notice.

On November 19, 2009, Plaintiff filed the instant motion for remand and request for attorneys' fees and costs.  Plaintiff also filed a request for judicial notice.  Defendant did not file an opposition.

## FACTUAL BACKGROUND

According to the complaint, this action concerns real property located at 2788 Hampton Way, Clovis, CA 93611.  Defendant executed a Deed of Trust, with power of sale, as to the property.  The Deed of Trust was recorded on December 7, 2004.  Pursuant to the foreclosure and sale, the Trustee sold and conveyed title to the property to Deutsche Bank National.  The Trustee's Deed Upon Sale was recorded on or about August 28, 2009.

On or about September 15, 2009, Plaintiff served Defendant with a Notice to Vacate Property.  The Notice expired at midnight on September 18, 2009.

## DISCUSSION

I.   MOTION TO REMAND

  A.   Legal Standard -*Removal Jurisdiction*

By statute "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  The party seeking to invoke federal jurisdiction bears the burden of establishing jurisdiction.  See Indus. Tectonics, Inc. v. Aero Alloy, 912 F. 2d 1090, 1092 (9th Cir. 1990).

---

[1] The Court grants Plaintiff's request for judicial notice filed in support of the motion for remand.  (Doc. 8).

2

B.    Analysis

According to the Notice of Removal, Defendant bases removal on both federal question and diversity jurisdiction. Plaintiff seeks remand to state court on the grounds that (1) judgment was rendered in the state court action prior to removal; (2) there is no federal question jurisdiction; and (3) there is no federal diversity jurisdiction because the amount in controversy is less than $75,000.

1.    State Court Judgment

Plaintiff requested default and entry of judgment in state court on October 13, 2009. On October 15, 2009, the state court clerk entered default and default judgment against Defendant Nancy Sitanggang. Exhibits 2 and 3 to Request for Judicial Notice. Thereafter, on October 20, 2009, Defendant removed the action to this Court. Defendant also filed a notice of appeal in the state court action on November 5, 2009. Exhibit 6 to Request for Judicial Notice.

Insofar as Defendant's effort to remove the action and assert a counterclaim is an attempt to seek relief from a state court judgment, it would be precluded by the Rooker-Feldman doctrine. See, e.g., Bianchi v. Rylaarsdam, 334 F.3d 895, 900-01 (9th Cir. 2003). The Rooker-Feldman doctrine bars a federal district court "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Wolfe v. Strankman, 392 F.3d 358, 363 (9th Cir. 2004), citing Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).

2.    Federal Question Jurisdiction

In the notice of removal, Defendant Nancy Sitanggang asserts that the court has original jurisdiction because "Defendants have been denied or cannot enforce in the court of California a right under the Fifth, Ninth, Tenth and Fourteenth Amendments and other laws providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Notice of Removal, p. 2. Generally, absent diversity, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Here, Plaintiff's complaint is for unlawful detainer and seeks possession of the premises pursuant to California Code of Civil Procedure § 1161. Plaintiff does not cite the U.S. Constitution or laws or treaties of the United States. 28 U.S.C. §

1331. Accordingly, there is no federal question presented on the face of Plaintiff's complaint.

       3.      Diversity Jurisdiction - Amount in Controversy

To establish jurisdiction based on diversity, there must be complete diversity of citizenship and an amount in controversy greater than $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a). Although Defendant generally contends in the notice of removal that the amount in controversy exceeds $75,000, the underlying unlawful detainer complaint merely seeks possession of the premises, costs of suit, and other relief as the court deems appropriate. Complaint, p.3. There is no request for damages and no indication that the amount in controversy meets the jurisdictional amount. Accordingly, there is no basis for diversity jurisdiction.

II.    REQUEST FOR ATTORNEYS' FEES AND COSTS

Pursuant to 28 U.S.C. § 1447(c), an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiff contends that Defendant filed the removal to cause unnecessary delay and to impede Plaintiff's rights to recover possession of real property that it lawfully owns. Plaintiff requests $2,012.50 in attorney fees and costs. However, as the Defendant is proceeding *pro se,* the Court declines to award costs and expenses.

**ORDER**

Based on the above, Plaintiff's motion to remand is GRANTED. This action is REMANDED to the Fresno County Superior Court for all further proceedings.

IT IS SO ORDERED.

Dated:   **January 8, 2010**               **/s/ Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE